IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01350-WJM-BNB

ANDY KERR, Colorado State Representative,
NORMA V. ANDERSON,
JANE M. BARNES, Member, Jefferson County Board of Education,
ELAINE GANTZ BERMAN, Member, State Board of Education,
ALEXANDER E. BRACKEN,
WILLIAM K. BREGAR, Member Pueblo District 70 Board of Education,
BOB BRIGGS, Westminster City Councilman,
BRUCE W. BRODERIUS, Member, Weld County District 6 Board of Education,
TRUDY B. BROWN,
JOHN C. BUECHNER, Ph.D., Lafayette City Councilman,
STEPHEN A. BURKHOLDER,
RICHARD L. BYYNY, M.D.,
LOIS COURT, Colorado State Representative,
THERESA L. CRATER,
ROBIN CROSSAN, Member Steamboat Springs RE-2 Board of Education,
RICHARD E. FERDINANDSEN,
STEPHANIE GARCIA, Member, Pueblo City Board of Education,
KRISTI HARGROVE,
DICKEY LEE HULLINGHORST, Colorado State Representative,
NANCY JACKSON, Arapahoe County Commissioner,
WILLIAM G. KAUFMAN,
CLAIRE LEVY, Colorado State Representative,
MARGARET (MOLLY) MARKERT, Aurora City Councilwoman,
MEGAN J. MASTEN,
MICHAEL MERRIFIELD,
MARCELLA (MARCY) L. MORRISON,
JOHN P. MORSE, Colorado State Senator,
PAT NOONAN,
BEN PEARLMAN, Boulder County Commissioner,
WALLACE PULLIAM,
FRANK WEDDIG, Arapahoe County Commissioner,
PAUL WEISSMANN, and
JOSEPH W. WHITE,

Plaintiffs,

v.

JOHN HICKENLOOPER, GOVERNOR OF COLORADO, in his official capacity,

Defendant.

---

# ORDER

---

This matter arises on **Plaintiffs' Motion to Amend Order Relating to Disclosures Under Rule 26(a)(1)(A)** [Doc. # 43, filed 11/3/2011] (the "Motion"), which is DENIED.

I am informed by the plaintiffs that this is a case without precedent.[1] In it, the plaintiffs seek a ruling that direct democracy--the adoption of an initiative by the people in a general election--is unconstitutional. Specifically, the plaintiffs allege:

> This case presents for resolution the contest between direct democracy and representative democracy. In 1992, Colorado voters adopted by initiative the Taxpayers Bill of Rights ("TABOR"), removing from their own legislature the power to tax and arrogating that power to themselves. However attractive it might have seemed, this assertion of direct democracy is not permitted under the United States Constitution, which requires all states to have a Republican Form of Government embodied in a representative democracy.

First Amended Substitute Complaint for Injunctive and Declaratory Relief [Doc. # 36] (the "Complaint") at ¶1.

The defendant has moved to dismiss the Complaint, arguing that it raises a nonjusticiable political question, Motion to Dismiss [Doc. # 18] at pp. 5-6, and relying on Luther v. Borden, 48 U.S. 1(1849), and its progeny:

---

[1]The defendant disagrees, relying on Pacific States Telephone & Telegraph Co. v. State of Oregon, 223 U.S. 118 (1912), for the proposition that the Supreme Court has specifically held that citizen initiatives directed at taxing measures are nonjusticiable political questions. Motion to Dismiss [Doc. # 18] at pp. 11-14.

> Under this article of the Constitution [the Guaranty Clause, Art. IV, §4] it rests with Congress to decide what government is the established one in a State. For as the United States guarantee to each State a republican government, Congress must necessarily decide what government is established in the State before it can determine whether it is republican or not. And when the senators and representatives of a State are admitted into the councils of the Union, the authority of the government under which they are appointed, as well as its republican character, is recognized by the proper constitutional authority. And its decision is binding on every other department of the government, and could not be questioned in a judicial tribunal. . . . [T]he right to decide is placed there, and not in the courts.

Luther v. Borden, 48 U.S. at 42.

The merits of the case are not before me, of course. Instead, I am asked to require the defendant to make his Rule 26(a)(1) initial disclosures while his Motion to Dismiss is pending.

The issue of disclosures and discovery first arose at a status conference on October 3, 2011. In response to my "one easy question, is there any reason to undertake a scheduling conference and other pretrial matters while the motion to dismiss is pending," Transcript of Proceedings on 10/3/2011 [Doc. # 42] ("Trans.") at p. 3, plaintiffs' counsel responded:

> [I]t does make sense for us to proceed with a Rule 26(f) meeting and to commence Rule 26(a) disclosures, at least in phases. We anticipate that we'll be scheduling the 26(f) conference shortly after the plaintiffs file their brief in opposition to the defendant's motion to dismiss. . . .
>
> During the Rule 26(f) conference we'll cover what we believe to be an appropriate schedule of phases of Rule 26 disclosures, and then whether discovery or how discovery should proceed in the case. We don't need a formal scheduling order at this time, we believe we can resolve the Rule 26 issues and the discovery issues with counsel for the defendant, but given the nature of the arguments that have been raised in the motion to dismiss, and specifically the 12(b)(1) arguments, there is a possibility we will need to explore facts pertaining to the issue of justiciability.

> There have been a number of cases . . . that have discussed the
> need for exploration of those evidentiary facts in the context of
> Rule 12(b)(1) argument. It may be that the briefing raises those
> facts, and it may be that Judge Martinez seeks to explore those
> facts in a possible hearing on the motion to dismiss.

Trans. [Doc. # 42] at p. 4. Defense counsel had a different view, asking that the disclosures and discovery be stayed pending a ruling on the defendant's Motion to Dismiss. Id. at p. 6.

The plaintiffs have responded to the Motion to Dismiss, Response [Doc. # 30, filed 10/11/2011], and they did so without receiving any disclosures or taking any discovery. To the contrary, plaintiffs' counsel conceded that the plaintiffs did not require disclosures or discovery in order to prepare their Response. Trans. [Doc. # 42] at p. 8. According to plaintiffs' counsel, "[t]he discovery may be needed based on the arguments that are raised in the reply brief the governor submits. . . ." Id.

Ultimately, I established the following procedure:

> I'll require that you conduct a Rule 26(f) conference by October
> 23rd at a date and time as you may agree. I'll require that the
> parties file either status reports or a motion for a scheduling
> conference or some sort of motion letting me know your thinking
> on the issue of disclosures and discovery ten days after the
> defendant files its reply in support of the motion to dismiss.

Id. at p. 12.

Subsequently, I entered a minute order intended to track my oral ruling. Minute Order [Doc. # 29, filed 10/3/2011]. The Minute Order made express one provision I believe is implicit in my oral ruling: "Rule 26(a)(1) disclosures and discovery are STAYED pending further order of the court. . . ." Minute Order [Doc. # 29] at ¶2.

The Motion, although filed earlier than contemplated by my oral ruling and the Minute Order, is precisely the kind of status report or motion that I expected to see following the parties'

4

Rule 26(f) conference. It is not an objection to the Minute Order, as the defendant argues, and it is not untimely.

However, despite my inquiries during the status conference, Trans. [Doc. # 42] at p. 9, and at the hearing on the Motion, the plaintiffs have failed to identify with any specificity the "jurisdictional evidence" which they believe the disclosures might reveal and which could be relevant to or considered by the district judge in ruling on the Motion to Dismiss.

"Five factors have been universally recognized" as appropriate when determining whether to stay proceedings. Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987). They are:

> (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Id.; accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same). Weighing these factors leads me to conclude that Rule 26(a)(1) initial disclosures should be stayed pending the determination of the Motion to Dismiss.

First, and I think most importantly, the plaintiffs do not urge that the case be readied for trial pending the determination of the Motion to Dismiss. They seek only disclosures and discovery necessary to a determination for the Motion to Dismiss. Trans. [Doc. # 42] at pp. 4, 8. But they have failed to identify with any specificity any documents, categories of documents, or other information which might be revealed through disclosures or discovery and which they believe should be considered in connection with the political question defense urged by the defendant. Consequently, there is no reason or necessity for the disclosures to occur at this time.

In addition, the defendant argues, but without supporting evidence, that initial disclosures would be substantially burdensome.

The final three factors--the convenience to the court; the interests of persons not parties to the civil litigation; and the public interest--are not implicated here.

I find, on balance, that the Rule 26(a)(1) disclosures should be stayed pending a determination of the defendant's Motion to Dismiss.

IT IS ORDERED that the Motion [Doc. # 43] is DENIED.

Dated November 16, 2011.

                                                    BY THE COURT:

                                                    s/ Boyd N. Boland
                                                    United States Magistrate Judge