**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 11-cv-01350-WJM-BNB

ANDY KERR, Colorado State Representative,
NORMA V. ANDERSON,
JANE M. BARNES, Member Jefferson County Board of Education,
ELAINE GANTZ BERMAN, Member State Board of Education,
ALEXANDER E. BRACKEN,
WILLIAM K. BREGAR, Member Pueblo District 70 Board of Education,
BOB BRIGGS, Westminster City Councilman,
BRUCE W. BRODERIUS, Member Weld County District 6 Board of Education,
TRUDY B. BROWN,
JOHN C. BUECHNER, Ph.D., Lafayette City Councilman,
STEPHEN A. BURKHOLDER,
RICHARD L. BYYNY, M.D.,
LOIS COURT, Colorado State Representative,
THERESA L. CRATER,
ROBIN CROSSAN, Member Steamboat Springs RE-2 Board of Education,
RICHARD E. FERDINANDSEN,
STEPHANIE GARCIA, Member Pueblo City Board of Education,
KRISTI HARGROVE,
DICKEY LEE HULLINGHORST, Colorado State Representative,
NANCY JACKSON, Arapahoe County Commissioner,
WILLIAM G. KAUFMAN,
CLAIRE LEVY, Colorado State Representative,
MARGARET (MOLLY) MARKERT, Aurora City Councilwoman,
MEGAN J. MASTEN,
MICHAEL MERRIFIELD,
MARCELLA (MARCY) L. MORRISON,
JOHN P. MORSE, Colorado State Senator,
PAT NOONAN,
BEN PEARLMAN, Boulder County Commissioner,
WALLACE PULLIAM,
FRANK WEDDIG, Arapahoe County Commissioner,
PAUL WEISSMANN; and
JOSEPH W. WHITE,

      Plaintiffs,

v.

JOHN HICKENLOOPER, Governor of Colorado, in his official capacity,

      Defendant.

---

**ORDER**

---

This matter is before the Court *sua sponte*.  This action presents a constitutional

and statutory challenge to the Taxpayer Bill of Rights ("TABOR") ballot initiative,

approved by Colorado voters in 1992.  (ECF No. 36.)  Defendant has filed a Motion to

Dismiss the action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF

No. 18.)[1]  Plaintiffs have filed a Response (ECF No. 30), and Defendant has filed a Reply

(ECF No. 51).  Two *amicus* briefs have also been filed in the action, one in support of

Defendant's positions and one supporting Plaintiffs' positions in this litigation.  (ECF No.

21, 61.)  The Court held oral argument on the Motion on February 15, 2012.  (ECF No.

68.)

The Motion to Dismiss argues, *inter alia*, that Plaintiffs lack standing to pursue this

action.  While both parties briefed the standing issue, both parties appear to have paid

more attention in their briefs to the issue of the applicability, *vel non,* of the political

question doctrine to the claims asserted in this case.  The same is true for the parties'

arguments at the oral argument on the Motion.  Further, neither *amicus* brief addressed

the standing issue.

The Court concludes that further briefing on the standing issue could assist the

Court in arriving at the correct resolution of the standing questions presented.  Therefore,

the Court orders the parties, and invites *amici*, to submit supplemental briefs on the issue

---

[1] At the oral argument on the Motion, the parties stipulated that the Motion is properly considered as moving to dismiss the operative First Amended Substitute Complaint, ECF No. 36.

of Plaintiffs' standing to pursue the claims asserted in this action.  In the supplemental

briefs, the parties should focus on the following five issues:

(1)     Given the U.S. Supreme Court's decision in *Raines v. Byrd*, 521 U.S. 811

(1997), do the Plaintiffs who are current or former legislators have standing

to pursue this action in that capacity?

(2)     Given the U.S. Supreme Court's decision in *Lance v. Coffman*, 549 U.S.

437 (2007), do Plaintiffs as citizens of Colorado have standing to pursue

this action in that capacity?

(3)     Are the Plaintiffs pursuing a theory that the Plaintiffs who are educators

have standing to pursue this action in that capacity, as suggested in the

operative Complaint (ECF No. 36, ¶ 45)?

(4)     If the answer to question (3) is yes, what legal authority exists in support of

and/or against the proposition that those Plaintiffs have standing *qua*

educators?  and

(5)     If the Court were to conclude that Plaintiffs' operative Complaint contains

insufficient factual allegations regarding standing, would the proper course

of action for the Court be to dismiss the operative Complaint, or to grant

Plaintiffs leave to further amend the operative Complaint insofar as their

allegations pertaining to standing are concerned?

The parties (and *amici*, if they so choose) shall file these supplemental briefs on or

before March 16, 2012.  No responses or replies will be permitted.  No more than one

*amicus* brief supporting each side's positions shall be filed.  The parties' briefs shall not

exceed 25 pages each, inclusive of the caption and text, but exclusive of the attorney

signature blocks and the certificate of service.  *Amicus* briefs, if any, shall not exceed 20

pages each, similarly measured.  All supplemental briefs shall be filed in accordance with

D.C.COLO.LCivR 10.1.

Dated this 17th day of February, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge