**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-1350-WJM-BNB

ANDY KERR, Colorado State representative;
NORMA V. ANDERSON;
JANE M. BARNES, Member, Jefferson County Board of Education;
ELAINE GANTZ BERMAN, Member, State board of Education;
ALEXANDER E. BRACKEN;
WILLIAM K. BREGAR, Member, Pueblo District 70 Board of Education;
BOB BRIGGS, Westminster City Councilman;
BRUCE W. BRODERIUS, Member, Weld County District 6 Board of Education;
TRUDY B. BROWN;
JOHN C. BUECHNER, PH.D., Lafayette City Councilman;
STEPHEN A. BURKHOLDER;
RICHARD L. BYYNY, M.D.;
LOIS COURT, Colorado State Representative;
THERESA L. CRATER;
ROBIN CROSSAN, Member, Steamboat Springs RE-2 Board of Education;
RICHARD E. FERDINANDSEN;
STEPHANIE GARCIA, Member, Pueblo City Board of Education;
KRISTI HARGROVE;
DICKEY LEE HULLINGHORST, Colorado State Representative;
NANCY JACKSON, Arapahoe County Commissioner;
WILLIAM G. KAUFMAN;
CLAIRE LEVY, Colorado State Representative;
MARGARET (MOLLY) MARKERT, Aurora City Councilwoman;
MEGAN J. MASTEN;
MICHAEL MERRIFIELD;
MARCELLA (MARCY) L. MORRISON;
JOHN P. MORSE, Colorado State Senator;
PAT NOONAN;
BEN PEARLMAN, Boulder County Commissioner;
WALLACE PULLIAM;
FRANK WEDDIG, Arapahoe County Commissioner;
PAUL WEISSMANN; and
JOSEPH W. WHITE;

    Plaintiffs,
 v.

JOHN HICKENLOOPER, GOVERNOR OF COLORADO, in his official capacity,
    Defendant.

1

___

**DEFENDANT'S MOTION FOR CERTIFICATION OF THE COURT'S JULY 30, 2012 ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**
___

Defendant John Hickenlooper, Governor of Colorado, by and through undersigned counsel, respectfully moves this Court for certification of its July 30, 2012 Order to allow Defendant to seek an immediate interlocutory appeal to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1292(b). Counsel for Defendant conferred with counsel for Plaintiffs on August 2, 2012 regarding this motion pursuant to D.C. Colo. LCivR 7.1, and Plaintiffs oppose the relief sought herein.

## BACKGROUND

Plaintiffs challenged the constitutionality of Article X, Section 20 of the Colorado Constitution (TABOR) based on alleged violations of the Guarantee Clause, Colorado's Enabling Act, the Equal Protection Clause, and the Supremacy Clause, and for impermissible amendment of the Colorado Constitution. Defendant moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). In its July 30, 2012 Order, the Court dismissed Plaintiffs' equal protection claim, but not the others, concluding that the Legislator-Plaintiffs have standing and have stated justiciable claims. The Court Order did not include any § 1292(b) certifying language. Pursuant to 28 U.S.C. § 1292(b), the Defendant specifically requests that the Court amend the Order to state that the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation," as is required for an immediate appeal of the Order. *See*

*Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962) (where no § 1292(b) certification is included in the original order, the district court may supplement that order to include an appropriate certification.).

## I. THE COURT SHOULD CERTIFY ITS JULY 30, 2012 ORDER FOR APPELLATE REVIEW.

The general rule in federal court is that appeals may be taken only from "final judgments." *See* 28 U.S.C. § 1291. However, Congress recognized that, in some cases, forcing parties to litigate until the entry of final judgment would create extra costs and waste judicial resources. It passed 28 U.S.C. § 1292(b) to give parties and district courts the opportunity to pursue efficient appeals on fundamental questions of law. Under section 1292(b), an interlocutory appeal is appropriate when a ruling involves: (1) a "controlling question of law," for which (2) there is "substantial ground for difference of opinion," and (3) immediate appeal "may materially advance" the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re Grand Jury Proceedings June 1991*, 767 F. Supp. 222, 223 (D. Colo. 1991); *see also Hadjipateras v. Pacifica, S.A.*, 290 F.2d 697, 703 (5th Cir. 1961) (recognizing an immediate appeal under § 1292(b) is considered the most efficient and appropriate way to proceed in certain cases).

Though the district court has discretion in determining whether to certify an order for interlocutory appeal, *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1189 (10th Cir. 2006), appropriate questions presented for certification include those that are difficult, novel, and involve "a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *In re Grand Jury Proceedings June 1991*, 767 F. Supp. at 226. Courts should also grant certification under §1292(b) in cases in which extended and expensive proceedings probably can be avoided by immediate

final decision of controlling questions encountered early in the action. *State of Utah v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (an interlocutory appeal is appropriate in "cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions"); *Burchett v. Bardahl Oil Co.*, 470 F.2d 793, 796 (10th Cir. 1972) (a key consideration is whether an interlocutory appeal will obviate the need for "protracted and expensive litigation" in the District Court). The United States Supreme Court considers § 1292(b) to be particularly useful in cases such as this one, where resolving "threshold procedural issues," such as issues relating to dismissal of a party or service of process, as such issues do not generally require extensive factual records. *See Tidewater Oil Co. v. United States*, 409 U.S. 151, 171-72 (1972).

This is the type of extraordinary case in which § 1292(b) was intended to apply. It makes sense to provide an opportunity to review the Order since an immediate appeal is warranted and would prevent the Court and parties from expending significant time and resources. There is no other viable path to appellate review at this juncture of the case.

### A.    The Order involves a controlling question of law.

An issue is controlling if "immediate appellate reversal of the order in question will result in some *immediate effect* on the course of the litigation and in some resource savings to the court or the litigants." *Grimes v. Cirrus Indus., Inc.*, No. CIV-08-1222-D, 2010 U.S. Dist. LEXIS 60889, at *6-7 (W.D. Okla. June 18, 2010) (emphasis in original); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 U.S. Dist. LEXIS 59391, at *5 (D. Colo. Aug. 14, 2007) ("A question of law

is 'controlling' if it has the potential for substantially accelerating disposition of the litigation."); *In re Indep. Serv. Orgs. Antitrust Litig.,* No. Civ. MDL-1021, 1997 U.S. Dist. LEXIS 11854, *18 (D. Kan. July 17, 1997) (a legal question on which certification under 28 U.S.C. § 1292(b) is sought is controlling when resolution of the issue on appeal could materially affect the outcome of litigation in the district court).

Classic examples of "controlling" issues under § 1292(b) include "questions as to subject matter jurisdiction, proper venue, personal jurisdiction, and standing to maintain the action." Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 203.31[2] (2011). Each of these justiciability issues is controlling because the entire case will end if the issue is reversed on appeal. *See In re Grand Jury Proceedings*, 161 F. Supp. at 223 ("[I]f the correct answer to the question will end the matter pending, the question is controlling."). Orders denying motions to dismiss frequently involve the type of controlling questions of law suitable for interlocutory appeal. *See, e.g., Paper, Allied-Indus., Chem. & Energy Workers Int'l Union (PACE) v. Cont'l Carbon Co.,* No. CIV 02-1677 R, 2003 U.S. Dist. LEXIS 26858 (W.D. Okla. June 23, 2003) (certifying order denying in part defendant's motion to dismiss), *aff'd,* 428 F.3d 1285, 1291 (10th Cir. 2005) ("It appears the correct test for determining if an issue is appropriate for interlocutory review is (1) whether that issue was raised in the certified order; and (2) whether the issue can control the disposition of the order."); *United States ex rel. Koch v. Koch Indus., Inc.,* No. 91-CV-763-B, 1995 U.S. Dist. LEXIS 20832, at *60-61 (N.D. Okla. Oct. 6, 1995) (certifying order denying defendant's motion to dismiss); *Morrison v. United Parcel Serv.*, 515 F. Supp. 1317, 1320-21 (W.D. Okla. 1981) (certifying order denying defendant's motion to dismiss).

The Order undoubtedly involves a controlling questions of law: namely, whether the Legislator-Plaintiffs have standing and whether Plaintiffs have stated justiciable claims under Rule 12(b)(1) and 12(b)(6). Moreover, no further factual development is necessary to answer these controlling issues of law, since on a motion to dismiss the Plaintiffs have the benefit of the presumption that all pleaded facts are true.

Resolution of the questions at issue here materially advance the ultimate termination of the of the litigation because all of Plaintiffs' claims would be dismissed if the Tenth Circuit should decide that, *as a matter of law,*

1) the Legislator-Plaintiffs do not have standing, or

2) Plaintiffs' claims arising under the Guarantee Clause and Enabling Act constitute nonjusticiable political questions, or

3) accepting all of the pleaded facts as true, Plaintiffs still have failed to state a claim for relief.

A reversal on any of these issues disposes of the case entirely.

The Court's Order involves a controlling question of law as required by § 1292(b).

**B.      There is substantial ground for difference of opinion on the issues.**

Substantial ground for difference of opinion exists when the question of law presented is difficult and novel, as evidenced by either an issue of first impression or by contrary law in other jurisdictions. *Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1157-58 (10th Cir. 1998) (allowing an interlocutory appeal where "[t]he Tenth Circuit has not previously ruled on this issue"); *In re Grand Jury Proceedings June 1991*, 767 F. Supp. at 226 ("Substantial ground for difference of opinion" exists when the question is "difficult, novel, and either a question on which there is little precedent or one whose

correct resolution is not substantially guided by previous decisions."); *see also Shire LLC v. Sandoz,* No. 07-CV-00197, 2008 U.S. Dist. LEXIS 101446 , at *6 (D. Colo. Dec. 5, 2008) (finding substantial ground for difference of opinion where "[t]here is no definitive guidance from the Supreme Court, the Tenth Circuit, or the Federal Circuit on this question"); *McMurtry v. Aetna Life Ins. Co.,* civ-05-84-C, 2006 U.S. Dist. LEXIS 81138, at *7-8 (W.D. Okla. Nov. 3, 2006) (an issue is one of first impression is a factor that supports a finding of "substantial ground for difference of opinion"); *Guesby v. Kennedy*, 580 F. Supp. 1280, 1286 (D. Kan. 1984) (expressly inviting a motion for certification of interlocutory appeal on the grounds "that this matter is one of first impression in this circuit, and that [the court's] decision herein is in conflict with the conclusion reached by the only two courts to previously address the question").

This standard is also met where there is a "reasonable basis" for the court to reach a different result or there exists "room for reasonable debate" as to whether the court's order was correct. *See Boellstorff v. State Farm Automobile Ins Co.*, 05-cv-02192, 2007 U.S. Dist. LEXIS 11611, at *9-10 (D. Colo. Feb. 20, 2007). The likelihood of a substantial ground for difference of opinion concomitantly increases with the significance of the controlling issue of law:

> The level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case. If proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt.

Federal Practice and Procedure, § 3930.

Here, the issues presented are novel and of first impression.

With regard to legislator standing, for example, the Order acknowledges the lack of guidance on the question of whether the Legislator-Plaintiffs have standing. Order at 28. It recognized that the Legislator-Plaintiffs do not have authority to represent the legislative body and further acknowledged that "the law remains unclear" whether standing is conferred in this situation or not. *Id*. at 28, 38 ("This action involves an alleged institutional legislative injury asserted by legislators suing in their official capacities, but who have not been authorized to bring this action on behalf of their respective legislative bodies. These factors are of considerable significance in determining whether the Legislator-Plaintiffs have standing to pursue this action.").

The most recent Supreme Court decision addressing this issue, *Raines v. Byrd,* 521 U.S. 811 (1997), attached "some importance" to the lack of authority to represent the legislative body, *id*. at 830, and denied standing. *Id.* n.10 (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 544 (1986) ("Generally speaking, members of collegial bodies do not have standing to perfect an appeal the body itself has declined to take.") and *United States v. Ballin*, 144 U.S. 1, 7 (1892) ("The two houses of Congress are legislative bodies representing larger constituencies. Power is not vested in any one individual, but in the aggregate of the members who compose the body, and its action is not the action of any separate member or number of members, but the action of the body as a whole."). This is a case of first impression within this Circuit; there is no controlling authority in the Tenth Circuit addressing whether legislators can have standing if they are not authorized to represent the legislative body. Order at 28.

Resolution of the Legislator-Plaintiffs' standing also impacts the Court's conclusion regarding prudential standing. Having held that the Legislator-Plaintiffs have

standing, the Court declined to "dismiss the action based on the prudential standing principle barring adjudication of 'abstract questions of wide public significance'" because "the injury alleged by the Legislator-Plaintiffs [limited to 100 General Assembly members] is not a 'generalized grievance shared in substantially equal measure by *all or a large class of citizens.*'" Order at 40. Also regarding prudential standing, the Court highlighted another area of first impression: whether Plaintiffs fall within the zone of interests intended to be protected by the Guarantee Clause and Enabling Act. Order at 41 ("In terms of that test, the Court has "found little or no case law authority indicating who falls within the zone of interests intended to be protected by the Guarantee Clause and Enabling Act."). As noted in the Order, the First Circuit similarly wrestled with the question but did not come to any conclusion. Order at 41 citing *Largess v. Supreme Judicial Court for the State of Mass.*, 373 F.3d 219, 228 n.9 (1st Cir. 2004). This of course begs the question whether Plaintiffs can assert a cause of action against the Governor to enforce a guarantee made by the United States to the States. Indeed, there is substantial ground for difference of opinion whether this set of Plaintiffs is suing the proper party.

The political question issue—whether Plaintiffs' Guarantee Clause and Enabling Act claims are nonjusticiable—also involves a controlling question of law that does not require any further factual development. For example, there are no additional facts that could impact the issue of whether Plaintiffs' claims present political questions. This case is unlike other political question cases that, for example, involve claims occurring in a military context that require further factual development to determine whether they present political questions. *See, e.g.*, *Lane v. Halliburton*, 529 F.3d 548, 563 (5th Cir.

9

Tex. 2008) ("[T]he application of traditional tort standards may permit the district court to navigate through this politically significant case [set in a military context] without confronting a political question.").

Whether the claims present political questions is also an issue of first impression within the Circuit—notwithstanding United States Supreme Court precedent holding that similar claims are nonjusticiable. *See, e.g.*, *Pacific States Tel. & Tel. Co., v, Oregon*, 223 U.S. 118 (1912). Substantial ground for differences of opinion exist on this issue because no United States Supreme Court or Tenth Circuit court has actually *held* that claims brought under the Guarantee Clause are justiciable. As noted in the Order, the most recent Supreme Court decision on the subject opined, in *dicta*, that perhaps some claims under the Guarantee Clause could be justiciable—but it did not decide the issue, so the case is not binding on the Court. *See New York v. United States*, 505 U.S. 144, 185 (1992) ("We need not resolve this difficult question today."). But, even without the century of Supreme Court jurisprudence holding that claims brought under the Guarantee Clause are nonjusticiable, there is still substantial ground for difference of opinion on whether the claims present political questions under the *Baker* factors. *See Baker v. Carr*, 369 U.S. 186, 217 (1962). The Order recognized that under the fourth factor, "there is still a question whether Plaintiffs' Guarantee Clause claim can be decided by the Court, or whether the decision should be deferred to Congress." Order at 59.

And, even setting aside the justiciability issues, and presuming all pleaded facts are true, there is substantial ground for difference of opinion on whether Plaintiffs have failed to state a claim that TABOR violates the Guarantee Clause or the Enabling Act, or for impermissible amendment. Nothing in either the Guarantee Clause or Enabling Act

expressly forbids citizens from voting on tax measures or clearly prohibits the removal of taxing authority from the General Assembly. TABOR is permitted under Article V, Section, Clause 2 of the Colorado Constitution, the clause which reserves in Colorado voters the power of the initiative process. Neither the United States nor the Colorado Constitutions prohibit the transfer of voting power to raise revenue from the representatives to the people. Based on the standards identified by the First Circuit, TABOR's transfer of the voting power to raise taxes to the Citizens does not create a monarchy or dictatorship sufficient to violate a republican form of government. *See Largess v. Supreme Judicial Court*, 373 F.3d 219, 229 (1st Cir. 2004) ("Perhaps, in unusual and extreme cases, such as the establishment of a monarchy by a state in place of a republican form of government, individuals could utilize the federal courts to enforce the Guarantee Clause."); *see also Beary Landscaping, Inc. v. Costigan*, 667 F.3d 947, 950 (7th Cir. 2012) ("to be a 'republic,' a state or nation need not parcel out powers among different branches in any particular fashion, such as that in the federal Constitution"); *County of Charles Mix v. United States DOI*, 674 F.3d 898, 902 (8th Cir. 2012) (guarantee clause claim rejected where plaintiff failed to show any alteration of the form of government or that citizens were limited in their ability to elect their own representatives).

These are all controlling questions of law suitable for interlocutory appeal because whether the Court has jurisdiction to hear and decide the case is central to the outcome of the case—a contrary decision on any one of the issues requires dismissal of the claims.

### C. An interlocutory appeal would materially advance the ultimate termination of the litigation.

Finally, an interlocutory appeal would materially advance the ultimate termination of this litigation. It is well-settled that this § 1292(b) requirement is satisfied when an appeal from an interlocutory order may result in dismissal of federal claims, thereby reducing discovery and corresponding district court time. *See Burchett v. Bardahl Oil Co.*, 470 F.2d 793, 796 (10th Cir. 1972) (noting that district court's certification under § 1292(b) was proper because "an interlocutory appeal might avoid protracted and expensive litigation"). As explained above, if the Tenth Circuit were to decide any of these issues in favor of the Defendant, Plaintiffs' claims would be dismissed. On the other hand, if the Tenth Circuit should conclude that Plaintiffs may proceed with their claims, such a result would make it possible for the parties to more accurately assess their litigation posture, narrow the issues in discovery, and thereby narrow the issues on summary judgment.

Having the Tenth Circuit rule now on these controlling issues of law is far more desirable and more expedient than proceeding with discovery and further proceedings on Plaintiff's' claims—a course that involves broad discovery, additional briefing, the possibility of a trial, followed by an appeal to the Tenth Circuit. Indeed, this is the type of large, complex litigation in which protracted and expensive pretrial litigation will take place. The 33 Plaintiffs bringing this challenge include past and present state officials, county officials, school board members and individuals. As such, the scope of Plaintiffs' allegations is broad and calls for extensive discovery on all levels of government.

Interlocutory review under 28 U.S.C. § 1292(b) was designed to apply to cases like this in order to prevent the parties' and the courts' waste of unnecessary resources in avoidable proceedings. *See Utah ex. Rel. Utah State Dep't of Health v. Kennecott Corp.*,

14 F.3d 1489, 1495 (10th Cir. 1994) (quoting a report by a Tenth Circuit committee recommending interlocutory appeals in "'cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action'"). Certification is warranted here because a final determination on the issues by the circuit court at this time would best serve considerations of judicial economy and fairness to the litigants. Judicial efficiency is better served if the Order is certified for interlocutory appeal before proceeding to the lengthy and costly phases of discovery and trial.

## CONCLUSION

For these reasons, the Governor respectfully requests that the Court certify its July 30, 2012 Order for interlocutory appeal under 28 U.S.C. § 1292(b).

Respectfully submitted this 10th day of August, 2012.

*s/Megan Paris Rundlet*

DANIEL D. DOMENICO
Solicitor General
BERNIE BUESCHER
Deputy Attorney General
MAURICE G. KNAIZER
Assistant Deputy Attorney General
MEGAN PARIS RUNDLET
Assistant Attorney General
1525 Sherman Street, 7th Floor
Denver, CO 80203
Telephone: 303-866-5163
Facsimile: 303-866-5443
E-Mail:
   dan.domenico@state.co.us
   bernie.buescher@state.co.us
   maurie.knaizer@state.co.us
   megan.rundlet@state.co.us

*Attorneys for Defendant, Governor of Colorado*

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of August, 2012, I electronically filed **Defendant's Motion for Certification of the Court's July 30, 2012 Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b)** with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys:

David Evans Skaggs
McKenna Long & Aldridge, LLP
1400 Wewatta Street #700
Denver, CO 80202-5556

Geoffrey M. Williamson
Brownstein Hyatt Farber Schreck, LLP
410 17th Street #2200
Denver, CO 80202-4432

Herbert Lawrence Fenster
McKenna Long & Aldridge, LLP
1400 Wewatta Street #700
Denver, CO 80202-5556

Melissa Hart
University of Colorado Law School
Associate Professor and Director,
The Byron White Center for the
Study of American Constitutional Law
UCB 401
Boulder, CO 80309

John A. Herrick
Brownstein Hyatt Farber Schreck, LLP
410 17th Street #2200
Denver, CO 80202-4432

Lino S. Lipinsky de Orlov
McKenna Long & Aldridge, LLP
1400 Wewatta Street #700
Denver, CO 80202-5556

Michael F. Feeley
Brownstein Hyatt Farber Schreck, LLP
410 17th Street #2200
Denver, CO 80202-4432

David B. Kopel
Independence Institute
13952 Denver West Pkwy., Suite 400
Golden, CO 80401

    s/Debbie Bendell
    Debbie Bendell
    Public Officials Unit
    State Services Section
    Colorado Attorney General's Office