IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-1350-WJM-BNB

ANDY KERR, Colorado State representative;
NORMA V. ANDERSON;
JANE M. BARNES, Member, Jefferson County Board of Education;
ELAINE GANTZ BERMAN, Member, State board of Education;
ALEXANDER E. BRACKEN;
WILLIAM K. BREGAR, Member, Pueblo District 70 Board of Education;
BOB BRIGGS, Westminster City Councilman;
BRUCE W. BRODERIUS, Member, Weld County District 6 Board of Education;
TRUDY B. BROWN;
JOHN C. BUECHNER, PH.D., Lafayette City Councilman;
STEPHEN A. BURKHOLDER;
RICHARD L. BYYNY, M.D.;
LOIS COURT, Colorado State Representative;
THERESA L. CRATER;
ROBIN CROSSAN, Member, Steamboat Springs RE-2 Board of Education;
RICHARD E. FERDINANDSEN;
STEPHANIE GARCIA, Member, Pueblo City Board of Education;
KRISTI HARGROVE;
DICKEY LEE HULLINGHORST, Colorado State Representative;
NANCY JACKSON, Arapahoe County Commissioner;
WILLIAM G. KAUFMAN;
CLAIRE LEVY, Colorado State Representative;
MARGARET (MOLLY) MARKERT, Aurora City Councilwoman;
MEGAN J. MASTEN;
MICHAEL MERRIFIELD;
MARCELLA (MARCY) L. MORRISON;
JOHN P. MORSE, Colorado State Senator;
PAT NOONAN;
BEN PEARLMAN, Boulder County Commissioner;
WALLACE PULLIAM;
FRANK WEDDIG, Arapahoe County Commissioner;
PAUL WEISSMANN; and
JOSEPH W. WHITE;

    Plaintiffs,
  v.

JOHN HICKENLOOPER, GOVERNOR OF COLORADO, in his official capacity,

    Defendant.

1

## ANSWER

Defendant, by and through the Office of the Colorado Attorney General, submits the following Answer to Plaintiffs' Second Amended Substitute Complaint for Injunctive and Declaratory Relief.

### Opening Statement

1. Paragraph 1 contains Plaintiffs' characterization of their case and/or legal argument to which no answer is required. To the extent that paragraph 1 contains allegations that require a response, Defendant denies the allegations.

2. Paragraph 2 contains Plaintiffs' characterization of their case and/or legal argument to which no answer is required. To the extent that paragraph 2 contains allegations that require a response, Defendant denies the allegations.

3. Paragraph 3 contains Plaintiffs' characterization of their case and/or legal argument to which no answer is required. To the extent that paragraph 3 contains allegations that require a response, Defendant denies the allegations.

4. Paragraph 4 contains Plaintiffs' characterization of their case and/or legal argument to which no answer is required. To the extent that

paragraph 4 contains allegations that require a response, Defendant denies the allegations.

5. Paragraph 5 contains Plaintiffs' characterization of their case and/or legal argument to which no answer is required. To the extent that paragraph 5 contains allegations that require a response, Defendant denies the allegations.

6. Paragraph 6 contains Plaintiffs' characterization of their case and/or legal argument to which no answer is required. To the extent that paragraph 6 contains allegations that require a response, Defendant denies the allegations.

7. Paragraph 7 contains Plaintiffs' characterization of their case and/or legal argument to which no answer is required. To the extent that paragraph 7 contains allegations that require a response, Defendant denies the allegations.

8. Paragraph 8 contains Plaintiffs' characterization of their case and/or legal argument to which no answer is required. To the extent that paragraph 8 contains allegations that require a response, Defendant denies the allegations.

## Parties

9. Paragraph 9 contains Plaintiffs' characterization of the individual plaintiffs to which no answer is required. To the extent that paragraph 9

contain allegations that require a response, Defendant denies the allegations.

10. Defendant admits that Andy Kerr is a member of the House of Representatives representing District 26 and a social studies teacher in the Jefferson County schools. Defendant denies the remaining legal conclusion contained in paragraph 10.

11. Defendant admits the allegations of paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22. Defendant admits the allegations of paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies them.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28. Defendant admits the allegations of paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30. Defendant admits the allegations of paragraph 30.

31. Defendant admits the allegations of paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34. Defendant admits the allegations of paragraph 34.

35. Defendant admits that Marcella Morrison is a former member of the Colorado State House of Representatives and a citizen of the state of Colorado. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 and therefore denies them.

36. Defendant admits the allegations of paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies them.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40. Defendant admits that Frank Weddig is a former Arapahoe County Commissioner, a former member of both the Colorado State House of Representatives and the Colorado State Senate, and a citizen of the state of Colorado. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 and therefore denies them.

41. Defendant admits the allegations of paragraph 41.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43. Defendant admits that certain plaintiffs in this case are past or sitting elected representatives in Colorado's General Assembly, and that other plaintiffs appear to be officers of counties, districts, and municipalities. The second sentence of paragraph 43 contains legal conclusions to which no response is required. The remaining allegations of paragraph 43 are legal conclusions to which no response is required.

44. Defendant admits that certain plaintiffs in this case are or appear to be past or sitting elected officials of Colorado counties, cities, and school districts. Defendant denies the remaining allegations of paragraph 44.

45. Defendant admits that certain plaintiffs in this case appear to be or have been educators employed by the state or Colorado school districts. The remaining allegations of paragraph 45 are legal conclusions to which no response is required.

46. Defendant admits that certain plaintiffs in this case are citizens of Colorado. The remaining allegations of paragraph 46 are legal conclusions to which no response is required.

47. Plaintiffs' equal protection claim has been dismissed. Defendant therefore denies the allegations of paragraph 47.

48. Defendant admits that John Hickenlooper is the Governor and chief executive officer of the State of Colorado and that he is charged with executing the laws of the State of Colorado. To the extent that paragraph 48 states additional allegations, these allegations are denied.

## Jurisdiction and Venue

49. Defendant admits the allegations of paragraph 49 except to the extent that the Court lacks subject matter jurisdiction as outlined in Defendant's Motion to Dismiss.

50. Defendant admits the allegations of paragraph 50 except to the extent that the Court lacks subject matter jurisdiction as outlined in Defendant's Motion to Dismiss.

51. Plaintiffs' equal protection claim has been dismissed. Defendant therefore denies the allegations of paragraph 51.

52. Defendant admits the allegations of paragraph 52 except to the extent that the Court lacks subject matter jurisdiction as outlined in Defendant's Motion to Dismiss.

53. Defendant admits the allegations of paragraph 53 except to the extent that the Court lacks subject matter jurisdiction as outlined in Defendant's Motion to Dismiss.

54. Defendant denies that the All Writs Act confers jurisdiction on the Court in this matter. Defendant admits the remaining jurisdictional

allegations of paragraph 54 except to the extent that the Court lacks subject matter jurisdiction as outlined in Defendant's Motion to Dismiss.

55. Paragraph 55 states legal conclusions to which no response is required.

56. Paragraph 56 states legal conclusions to which no response is required.

57. Paragraph 57 states legal conclusions to which no response is required.

58. Paragraph 58 states legal conclusions to which no response is required.

59. To the extent that the Court has jurisdiction over the claims and the parties, Defendant admits that venue is proper in this Court. Defendant acknowledges that he is a resident of the State of Colorado. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 59 and therefore denies them.

## Background of civil action

60. With respect to paragraph 60, Plaintiffs correctly cite the contents of the Guaranty Clause. The remaining allegations of paragraph 60 contain legal conclusions and arguments to which no response is required. To the extent that paragraph 60 contains allegations to which a response is required, the allegations are denied.

61. Although the allegations of paragraph 61 state legal arguments or conclusions to which no response is required, Defendant admits that Congress enacted the Colorado Territorial Act on or about February 28, 1861, that the Act provided for the organization of a temporary government for the Territory of Colorado, that the Act provided for a bi-cameral legislature, and that the legislative power of the Territory of Colorado extended to "all rightful subjects of legislations consistent with the Constitution of the United States." Defendant denies any remaining allegations of paragraph 61.

62. Although the allegations of paragraph 62 state legal arguments or conclusions to which no response is required, Defendant admits that Congress provided for the entry of Colorado to the Union as a state through the Enabling Act of March 3, 1875, and that the Enabling Act required the territory to convene a convention and adopt a constitution that was republican in form. Defendant denies any remaining legal arguments or conclusions of paragraph 62.

63. Although the allegations of paragraph 63 state legal arguments or conclusions to which no response is required, Defendant admits that the Constitutional Convention of the Territory of Colorado met, that the Convention adopted the Constitution of the United States, and that the Convention prepared a proposed state constitution providing a republican form of government. Defendant admits that Plaintiffs have correctly cited

a portion of Article V, section 1 of the proposed constitution. To the extent that paragraph 63 contains allegations to which a response is required, the allegations are denied.

64. Although the allegations of paragraph 64 state legal arguments or conclusions to which no response is required, Defendant admits that Article V, section 31 of the constitution for the proposed state of Colorado provided that all bills with respect to raising revenue would originate in the House of Representatives. Defendant admits that Plaintiffs have correctly cited a portion of section 33 of the constitution for the proposed state of Colorado. Defendant denies the remaining legal conclusions and arguments of paragraph 64.

65. Although the allegations of paragraph 65 state legal arguments or conclusions to which no response is required, Defendant admits that Plaintiffs have correctly cited Article X, section 2 of the Colorado Constitution. Defendant denies the remaining legal arguments or conclusions of paragraph 65.

66. The allegations of paragraph 66 are legal conclusions to which no response is required. To the extent that paragraph 66 contains allegations to which a response is required, the allegations are denied.

67. Although the allegations of paragraph 67 state legal arguments or conclusions to which no response is required, Defendant admits that in Proclamation 230, President Grant proclaimed the territory of Colorado to

be a state on August 1, 1876. Defendant admits that President Grant further proclaimed that the territorial governor had duly certified to the President that the constitution of the proposed state had been adopted and ratified by the People of Colorado. Defendant denies the remaining allegations of paragraph 67.

68. Paragraph 68 contains legal argument and conclusions to which no response is required. To the extent that paragraph 68 contains allegations to which a response is required, the allegations are denied.

69. Although the allegations of paragraph 69 state legal arguments or conclusions to which no response is required, Defendant admits that subsequent to August 1, 1876, the state of Colorado maintained a General Assembly that held the power to raise and appropriate revenue. Defendant denies any remaining legal arguments and conclusions contained in paragraph 69.

70. Although the allegations of paragraph 70 state legal arguments or conclusions to which no response is required, Defendant admits that Plaintiffs have correctly cited portions of Article V, section 1(1) of Colorado's constitution and an amendment to Article V, section 1(1).

71. Paragraph 71 contains legal arguments and conclusions to which no response is required. To the extent that paragraph 71 contains allegations to which a response is required, the allegations are denied.

72. Although the allegations of paragraph 72 state legal arguments or conclusions to which no response is required, Defendant admits that Plaintiffs have correctly cited a portion of Article IX, section 2 of the original Colorado constitution. Defendant denies any remaining legal arguments or conclusions of paragraph 72.

73. Defendant admits the allegations of paragraph 73.

74. Paragraph 74 contains legal arguments and conclusions concerning the content of TABOR to which no response is required. To the extent that paragraph 74 contains allegations to which a response is required, the allegations are denied.

75. Paragraph 75 contains legal arguments and conclusions concerning the content of TABOR to which no response is required. Defendant denies the remaining allegations of paragraph 75.

76. Paragraph 76 contains legal arguments and conclusions concerning the content of TABOR to which no response is required. To the extent that paragraph 76 contains allegations to which a response is required, the allegations are denied.

77. Paragraph 77 contains legal arguments and conclusions concerning the content of TABOR to which no response is required. To the extent that paragraph 77 contains allegations to which a response is required, the allegations are denied.

78. Defendant admits that the voters approved Referendum C in 2005. Paragraph 78 contains legal arguments and conclusions concerning the content of Referendum C to which no response is required. Defendant denies the remaining allegations of paragraph 78.

79. Paragraph 79 contains legal arguments and conclusions concerning the content of TABOR to which no response is required. To the extent that paragraph 79 contains allegations to which a response is required, the allegations are denied.

80. Paragraph 80 contains legal arguments and conclusions to which no response is required. To the extent that paragraph 80 contains allegations to which a response is required, the allegations are denied.

81. Defendant denies the allegations of paragraph 81.

## Count 1

82. Defendant denies the allegations of the first sentence of paragraph 82 because the sentence contains legal arguments and conclusions that are ambiguous, subjective and vague. Defendant denies the allegations of the second sentence of paragraph 82.

## Count II

83. The first and third sentences of Paragraph 83 contain allegations concerning the content of a statute to which no response is required. The allegations of the second sentence of paragraph 83 contain legal arguments and conclusions that are ambiguous, subjective and vague, and

Defendant therefore denies the allegations.   Defendant denies the remaining allegations of paragraph 83.

## Count III

84. Defendant denies the allegations of paragraph 84.

## Count IV

85. The claim comprising paragraphs 85 and 86 has been dismissed. Defendant therefore denies the allegations of paragraph 85.

86. The claim comprising paragraphs 85 and 86 has been dismissed. Defendant therefore denies the allegations of paragraph 86.

## Count V

87. Paragraph 87 contains legal arguments and conclusions to which no response is required.  To the extent that paragraph 87 contains allegations requiring a response, these allegations are denied.

88. Paragraph 88 contains legal arguments and conclusions to which no response is required.  To the extent that paragraph 88 contains allegations requiring a response, these allegations are denied.

89. Paragraph 89 contains legal arguments and conclusions to which no response is required.  To the extent that paragraph 89 contains allegations requiring a response, these allegations are denied.

90. Paragraph 90 contains legal allegations or conclusions to which no response is required.  To the extent that paragraph 90 contains allegations requiring a response, these allegations are denied.

91. Paragraph 91 contains legal allegations or conclusions to which no response is required. Nonetheless, Defendant denies the legal allegations and conclusions of paragraph 91.

92. Paragraph 92 contains legal allegations or conclusions to which no response is required. Nonetheless, Defendant denies the legal allegations and conclusions of paragraph 92.

93. Defendant denies any allegations contained in the Second Amended Substitute Complaint for Injunctive and Declaratory Relief not specifically admitted in this Answer.

## Prayers for Relief

Defendant denies that Plaintiffs are entitled to the relief requested, including declaratory and injunctive relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state claims for relief.

2. Plaintiffs claims may be barred because Plaintiffs lack a private right of action.

3. Plaintiffs' claims may be barred by Eleventh Amendment immunity.

4. Plaintiffs' claims are barred because some or all Plaintiffs lack the standing to assert them.

5. Plaintiffs have been afforded all the rights, privileges, and immunities granted by the United States Constitution, the Colorado Constitution, and state and federal law.

6. Defendant is not a proper party to some or all of Plaintiffs' claims.

7. This court lacks subject matter jurisdiction over Plaintiffs' claims.

8. Defendant reserves the right to assert additional affirmative defenses or rescind affirmative defenses after further investigation and discovery.

Wherefore, Defendants request this court to enter judgment in their favor and additionally request attorney fees and any other relief this Court deems just and proper.

*s/ Kathleen Spalding*

DANIEL D. DOMENICO
Solicitor General
BERNIE BUESCHER
Deputy Attorney General
MAURICE G. KNAIZER
Asst. Deputy Attorney General
MEGAN PARIS RUNDLET
Asst. Attorney General
KATHLEEN SPALDING
Senior Asst. Attorney General

1525 Sherman Street, 7th Floor
Denver, CO 80203
Telephone: 303-866-5163
Facsimile: 303-866-5443

E-Mail:
  dan.domenico@state.co.us
  bernie.buescher@state.co.us
  kit.spalding@state.co.us
  maurie.knaizer@state.co.us
  megan.rundlet@state.co.us

*Attorneys for Defendant,
Governor of Colorado*

## CERTIFICATE OF SERVICE

This is to certify that on this 13th day of August, 2012, I electronically filed the herein ANSWER with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys:

David Evans Skaggs
McKenna Long & Aldridge, LLP
1400 Wewatta Street #700
Denver, CO 80202-5556

Emily L. Droll
Brownstein Hyatt Farber Schreck, LLP
410 17th Street #2200
Denver, CO 80202-4432

Herbert Lawrence Fenster
McKenna Long & Aldridge, LLP
1400 Wewatta Street #700
Denver, CO 80202-5556

John A. Herrick
Brownstein Hyatt Farber Schreck, LLP
410 17th Street #2200
Denver, CO 80202-4432

Lino S. Lipinsky de Orlov
McKenna Long & Aldridge, LLP
1400 Wewatta Street #700
Denver, CO 80202-5556

Michael F. Feeley
Brownstein Hyatt Farber Schreck, LLP
410 17th Street #2200
Denver, CO 80202-4432

*Kathleen Spalding*
_____