IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-1350-WJM-BNB

**ANDY KERR**, COLORADO STATE REPRESENTATIVE;
**NORMA V. ANDERSON**;
**JANE M. BARNES**,
**ELAINE GANTZ BERMAN**, MEMBER STATE BOARD
OF EDUCATION;
**ALEXANDER E. BRACKEN**;
**WILLIAM K. BREGAR**, MEMBER PUEBLO DISTRICT
70 BOARD OF EDUCATION;
**BOB BRIGGS**, WESTMINSTER CITY COUNCILMAN;
**BRUCE W. BRODERIUS**;
**TRUDY B. BROWN**;
**JOHN C. BUECHNER**, PH. D.;
**STEPHEN A. BURKHOLDER**;
**RICHARD L. BYYNY, M.D.**;
**LOIS COURT**, COLORADO STATE REPRESENTATIVE;
**THERESA L. CRATER**;
**ROBIN CROSSAN**, MEMBER STEAMBOAT SPRINGS
RE-2 BOARD OF EDUCATION
**RICHARD E. FERDINANDSEN**;
**STEPHANIE GARCIA**, MEMBER PUEBLO CITY
BOARD OF EDUCATION;
**KRISTI HARGROVE**;
**DICKEY LEE HULLINGHORST**, COLORADO STATE
REPRESENTATIVE;
**NANCY JACKSON**, ARAPAHOE COUNTY
COMMISSIONER;
**WILLIAM G. KAUFMAN**;
**CLAIRE LEVY**, COLORADO STATE
REPRESENTATIVE;
**MARGARET (MOLLY) MARKERT**, AURORA CITY
COUNCILWOMAN
**MEGAN J. MASTEN**;
**MICHAEL MERRIFIELD**;
**MARCELLA (MARCY) L. MORRISON**;
**JOHN P. MORSE**, COLORADO STATE SENATOR;
**PAT NOONAN**;
**BEN PEARLMAN**;
**WALLACE PULLIAM**;

**FRANK WEDDIG**;
**PAUL WEISSMANN**; and
**JOSEPH W. WHITE**,

      Plaintiffs,

v.

**JOHN HICKENLOOPER**, GOVERNOR OF COLORADO, in his official capacity,

      Defendant.

---

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR CERTIFICATION OF THE COURT'S JULY 30, 2012 ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)

---

Plaintiffs respectfully submit this response in opposition to Defendant's Motion for Certification of the Court's July 30, 2012 Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) (the "Motion"), ECF No. 85.

### INTRODUCTORY STATEMENT AND PROCEDURAL BACKGROUND

In accordance with 28 U.S.C. § 1292(b), a District Court may certify for appeal an otherwise unappealable interlocutory order, but only if the Court finds that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order is likely to advance the ultimate resolution of the litigation. Certification is entirely a discretionary determination by the District Court and is limited strictly to those cases involving all three of the statutory criteria – controlling question of law, differences of opinion among the courts, and the prospect of expedited termination of the case. This Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss,

ECF No. 78 (Jul. 30, 2012) (the "Order"), presents none of those three grounds.  Accordingly, the Motion fails.

This action was filed on May 23, 2011 and, after amendments to the Complaint, Defendant filed a Motion to Dismiss on August 15, 2011.  *See* Motion to Dismiss Plaintiffs' Substitute Complaint, ECF No. 18 (Aug. 15, 2011) (the "Dismissal Motion").  The Dismissal Motion was largely predicated on the grounds that the Court purportedly lacks jurisdiction because none of the plaintiffs allegedly has standing and because the case allegedly implicates the political question doctrine (the "PQD").  After initial briefing, the Court conducted argument on February 15, 2012 and subsequently ordered additional briefing focused on the standing issues.  The parties submitted their supplemental briefs on March 16, 2012.

In its carefully drawn and reasoned Order, the Court addressed the five counts in Plaintiffs' Second Amended Complaint on both standing and PQD grounds.  The Court concluded that Count I (arising under the Guarantee Clause of the United States Constitution, art. IV, § 4), Count II (premised on the Colorado Enabling Act of March 3, 1875, 18 Stat. 474), Count III (Supremacy Clause of Article VI, Section 2 of the U.S. Constitution) and Count V (based on impermissible amendment of the Colorado Constitution) should not be dismissed, either on standing or PQD grounds.  Order at p. 73.  The Court dismissed Count IV, arising under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  Order at p. 73.

Defendant now seeks Section 1292(b) certification (and presumably amendment of the Order) for the purpose of pursuing an interlocutory appeal.   Defendant alleges that the Order

satisfies all three certification criteria as to each of the three counts for which the Court found

jurisdiction.

**ARGUMENT**

I.    **THE MOTION FAILS TO MEET THE REQUIREMENTS FOR 28 U.S.C.
      § 1292(B) CERTIFICATION.**

Certification under 28 U.S.C. § 1292(b) is appropriate only if three requirements are met:

"(1) that there be a controlling question of law, (2) that there be substantial grounds of difference

of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of

the litigation." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *United States v.

Holmes*, No. 08-cv-02446, 2010 WL 4318574, at *2 (D. Colo. May 17, 2011).  As explained

below, the Motion does not meet any of these three requirements.

Certification of an order for an interlocutory appeal pursuant to Section 1292(b) is at the

discretion of the trial court, *Coopers & Lybrand*, 437 U.S. at 474, *Carpenter v. Boeing Co.*, 456

F.3d 1183, 1189 (10th Cir. 2006), and is appropriate only in exceptional circumstances, *Ebonie

v. Pueblo School District*, No. 09-cv-00858, 2011 WL 1882829, at *2 (D. Colo. May 17, 2011).

Because certification under 28 U.S.C. § 1292(b) is a narrowly drawn exception to the final

judgment rule embodied in 28 U.S.C. § 1291, "Congress carefully confined the availability of

such review." *Coopers & Lybrand*, 437 U.S. at 474.

While in the larger context the instant case may be extraordinary, the Motion is

essentially a rehash of arguments that this Court previously rejected and fails to demonstrate any

"exceptional circumstances."  It should be denied on this basis alone.

**II.   DEFENDANT'S DISAGREEMENT WITH THE COURT'S DECISION DOES NOT SATISFY THE "CONTROLLING QUESTION" REQUIREMENT OF SECTION 1292(B).**

The Motion focuses on the standing of the legislator-plaintiffs as allegedly presenting a controlling question of law that, if decided differently, would terminate the case.  *See* Motion at pp. 4-6.  Defendant asserts that the Tenth Circuit could also rule on other controlling "matters of law" and determine that plaintiffs' Guarantee Clause and Enabling Act claims are "non-justiciable" or "[fail] to state a claim for relief."  *See id.* at p. 6.

It is apparent from the Order, which carefully examined the current state of the law in this complex area, that the grounds asserted for certification do not stand up to scrutiny.  They merely reflect defendant's disagreement with the Court's determinations.  However, simple disagreement is not the standard available under 28 U.S.C. § 1292(b).

The requirement for certification under 28 U.S.C. § 1292(b) that there be a controlling question of law must not depend on "consideration of factual circumstances."  *Hart v. The Boeing Co., Inc.*, 2010 WL 2635449, at *1 (D. Colo. June 28, 2010).  Instead, a controlling question of law is one that, "if resolved differently, would entitle a party to judgment [and] obviate the need for further proceedings in the case."  *Id.*  (internal citations omitted).  If the issue is "premised on a factual determination" or is a question "left to the . . . court's discretion," it is not a controlling question of law.  *In re M & L Business Mach. Co., Inc.*, 1994 WL 263457, at *2 (D. Colo. June 6, 1994).

As plaintiffs argued in their Brief in Response to the Court's Order for Briefing on Questions Regarding Standing, ECF No. 72 (Mar. 16, 2012) ("Plaintiffs' Standing Brief"), crucial facts relevant to standing for both the legislator and non-legislator plaintiffs are

inextricably intertwined and inseparable from the merits of their Guarantee Clause claim.  *See* Plaintiffs' Standing Brief 16-17.  While this Court found constitutional standing on the part of the legislator-plaintiffs, *see* Order at p. 39, the Court noted and somewhat qualified its opinion with its references to "this stage of the litigation."  *Id.*  It is likely that the standing issue will benefit from further development of the record by the trier of fact.  *See Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1098-1105 (10th Cir. 2006); *Largess v. Supreme Judicial Court*, 373 F.3d 219, 224-25 (1st Cir. 2004).

The Order was similarly both thorough and unequivocal in its treatment of the issue of justiciability of the Guarantee Clause claim, *see* Order at pp. 42-63, while again qualifying its conclusion with reference to "this stage of the proceedings."  *See id.* at p. 63.  As with the issue of standing, at this stage of the litigation, the Tenth Circuit would not have the advantage of a full record, in which the factual basis had been further developed on the question of Guarantee Clause justiciability.

A full trial record would provide a better foundation to decide the complex and important questions of law and fact presented in this case.  This would include, for example, examination of the meaning of the Guarantee Clause, its implications regarding necessary powers of the legislature, and TABOR's infringement on those necessary powers of the legislator-plaintiffs. *See id.* at p. 24.  A similar assessment would apply regarding the Enabling Act claim.  Premature treatment of these issues would risk the development of unsound precedent in an area of great importance to the people of Colorado and in determining the reach of the U.S. Constitution.

Courts have interpreted the "controlling question of law" factor as one that should present a "pure" question of law involving an abstract legal issue that an appellate court can decide

quickly without the need to study the factual record.  *Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000); *see also, In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 624-27 (7th Cir. 2010); 19 James W. Moore, *Moore's Federal Practice* § 203.31[2] (3d ed. 2012).  At this stage of the case, before the parties have exchanged Rule 26(a)(1) disclosures and prior to discovery, the factual record is sparse at best.  Moreover, in the context of the State's dismissal motion, all facts alleged must be reviewed in terms favorable to plaintiffs.  *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001); *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975).

These facts are critical, not just in deciding the case on the merits, but also in further supporting the Court's conclusions regarding the legislator-plaintiffs' standing and the justiciability of plaintiffs' Guarantee Clause claim.  Because of the potential enhancements that would accrue on these points from a fully-developed record, it would be premature to advance the case on interlocutory appeal to the Tenth Circuit, which could at best render only an advisory opinion based upon the sparse record.  *See, e.g., Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 866-67 (2nd Cir. 1996); *S.B.L. v. Evans*, 80 F.3d 307, 310-12 (8th Cir. 1996).  Contrary to the purposes of a Section 1292(b) certification, this would only serve to delay, not expedite, a resolution of the litigation.

III.   **DEFENDANT HAS NOT DEMONSTRATED THAT THE COURT'S DECISION WAS REACHED DESPITE SUBSTANTIAL GROUNDS FOR A DIFFERENCE OF OPINION, AS SECTION 1292(B) REQUIRES.**

Section 1292(b)'s requirement for a controlling question of law as to which there is substantial difference of opinion is not met simply because a party claims "that a district court's decision was incorrect."  *Morris v. Flaig*, 511 F. Supp. 2d 282, 317 (E.D.N.Y. 2007).  Yet, the

Motion merely reiterates defendant's disagreement with the Order and does not establish the existence of a substantial difference of opinion on the issues the Court addressed.  Rather, defendant relies solely on the premise that this is a matter of first impression and, as such, warrants interlocutory review on legislative standing and the applicability of the PQD.

The fact that the issues may present a matter of first impression, however, is insufficient to demonstrate substantial ground for a difference of opinion.  *Couch v. Telescope Inc.*, 611 F.3d 629, 633-34 (9th Cir. 2010); *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996); *see also* James W. Moore, 19 *Moore's Federal Practice* § 203.31[4] (3rd ed. 2012).  The Court noted in *Ebonie* that "[i]t is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute."  *Ebonie*, 2011 WL 1882829, at *3 (quoting *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983)).

Because this case does present unique issues, no other cases are to be found in any Circuit that would inform or control in this case.  The Order does not address issues on which the Circuits have expressed substantial difference of opinion and that, therefore, would be proper grounds for an interlocutory appeal.   As the Court determined, prior cases on legislator standing do not provide controlling guidance, in large part because this litigation does not involve the separation-of-powers issues raised in the earlier cases involving challenges to legislative standing.  *See* Order at pp. 30-34.   Likewise, the Court's well-reasoned and thorough review of the PQD jurisprudence in the context of the Guarantee Clause makes clear that the unique facts of this case put it outside of the six non-justiciability factors established under *Baker v. Carr*, 369 U.S. 186 (1962).  *See* Order at pp. 48-63.  The Court addresses those factors *seriatim, id.* at pp.

53-63, and disposes of each of the various claims *Baker*-related arguments raised by the Dismissal Motion, saying, "there is no basis to conclude, *at this stage of the proceedings,* that any of the six *Baker* tests are 'inextricable from the case at bar.'"  Order at p. 63 (emphasis added).

This Court should exercise its discretion to refrain from presenting the Tenth Circuit with an incomplete record on a matter of first impression, where the facts that weigh on justiciability and standing are also intertwined with the merits of plaintiffs' Constitutional claims.

## IV.   CERTIFICATION WILL NOT ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION AND SO FAILS TO MEET THE CRITERIA OF SECTION 1292(B).

The Motion does not meet a fundamental requirement for Section 1292(b) certification: the prospect for advancing the ultimate termination of the litigation**.**  As explained in *Holmes,* 2010 WL 4318574, at *4:

> An interlocutory appeal may "prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." . . . . "[O]nly 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"

*Holmes*, 2010 WL 4318574, at *4 (quoting *Goldberg v. UBS AG,* 690 F. Supp. 2d 92, 101 (E.D.N.Y. 2010)).

According to *State of Utah v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994), defendant needs to establish, *inter alia*, that the requested certification (and successful consideration on appeal) would produce an expedited resolution of the case.  The decision in *Kennecott* is instructive:

> A primary purpose of §1292(b) is to provide an opportunity to review an order when an immediate appeal would "materially advance the ultimate termination of the litigation." . . . . A report by a Tenth Circuit committee addressing the same problem found:
>
>> Our recommendation is founded upon the premise that the enlargement of the right to appeal should be limited to extraordinary *cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action.*
>
> . . . . The requirement of district court certification is equally imperative, however, as a procedural screen to avoid a flood of fruitless petitions invoked contrary to the purpose of § 1292(b).

*Id.* at 1495 (emphasis added) (internal citations omitted).

It is evident from the Order that defendant cannot meet the Section 1292(b) standard. Even assuming that the Court of Appeals might reach a different conclusion than this Court about the standing of the legislator-plaintiffs, the justiciability of the Guarantee Clause claim, or both, an interlocutory appeal of the Order would not "materially advance the ultimate termination of the litigation" or permit the "immediate final decision of controlling questions."

Having found constitutional standing on the part of the legislator-plaintiffs, *see* Order at p. 39, this Court followed the rule in *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977), that where "we have at least one individual plaintiff who has demonstrated standing . . . , we need not consider whether the other . . . . plaintiffs have standing." *See id.* at 264.  The Court therefore properly "decline[d] to address whether any other Plaintiffs have standing." Order at p. 42.  Thus, a hypothetical reversal by the Court of Appeals as to the standing of the legislator-plaintiffs would result only in a remand for a *de novo* determination of

the standing of other plaintiffs.  It could render no "immediate final decision of controlling questions."

Similarly, after concluding that plaintiffs' Guarantee Clause claim did not run afoul of the PQD and was therefore justiciable, *see id.* at p. 63, this Court determined that the PQD was not applicable to plaintiffs' Enabling Act claim and that such claim was not subject to dismissal. "[T]he fact that Plaintiffs' Enabling Act claim is a statutory claim leads the Court to conclude that it would have jurisdiction to hear that claim even if the Guarantee Clause claim were held to be non-justiciable under the political question doctrine." *Id.* at p. 64.  As this Court noted, the Supreme Court recently affirmed the duty of federal courts to exercise jurisdiction "to interpret federal statutes, even in politically charged cases," *id.* at p. 65 (citing *Zivotofsky ex rel. Zivotofsky v. Clinton*, 132 S. Ct. 1421 (2012):  "To resolve his claim, the Judiciary must decide if Zivotofsky's interpretation of the statute is correct, and whether the statute is constitutional.  This is a familiar judicial exercise." *Id.* (quoting *Zivotofsky*, 132 S. Ct. at 1427).

Again, as with the standing component of the Motion to Dismiss, a hypothetical reversal as to justiciability of the Guarantee Clause claim could effect no "immediate final decision of controlling questions" because plaintiffs' Enabling Act claim would survive for adjudication as a "familiar judicial exercise."  Therefore, the stated purposes of certification and interlocutory appeal under 28 U.S.C. § 1292(b) cannot be achieved with respect to either the question of standing or the question of PQD justiciability.

## V.    THE MOTION RAISES MATTERS IRRELEVANT TO CERTIFICATION UNDER SECTION 1292(B).

Unless an issue meets the three requirements for Section 1292(b) certification set forth in *Coopers & Lybrand*, 437 U.S. at 475, and, of course, was *actually addressed* in the decision for

which certification is sought, Section 1292(b) certification of that issue is improper.  Contrary to this principle, Defendant has thrown into the Motion several issues that have no bearing on the Court's decision whether to grant Section 1292(b) certification.

Defendant raises for the first time in the Motion the argument that the legislator-plaintiffs lack standing absent authorization from the Colorado General Assembly.  *See* Motion at p. 8. Defendant was apparently prompted to do so by the Court's passing reference to this aspect of the case.  *See* Order at p. 28.  However, Defendant chose not to brief this issue in the Dismissal Motion.  In any event, it is apparent from the Court's treatment of the issue in its denial of the Dismissal Motion that such question was not particularly material to its decision on standing, which relies to a large degree on its favorable comparison of this case to *Coleman v. Miller*, 307 U. S. 433 (1939), *see* Order, *passim*, and *Coleman* does not turn on the question of whether the Kansas legislature had authorized that litigation.  To whatever extent this argument might have bearing, it was disposed of by this Court's finding that the legislator-plaintiffs have constitutional standing.  Order at p. 39.

Defendant for the first time argues (or, more accurately, insinuates) that plaintiffs have not sued the proper party.  *See* Motion 9.  The question of the proper party defendant was the subject of negotiations between counsel for Plaintiffs and counsel for Defendant, discussions concededly not reflected in the record.  The negotiations occurred between the filing of the original Complaint on May 23, 2011, ECF No. 1, which named the State of Colorado as defendant, and the resultant filing on June 3, 2011, of the Substituted Complaint, ECF No. 12, which named the present defendant in his official capacity.  This argument was not briefed in the

Dismissal Motion, was not a subject the Court considered in its Order, is not timely made in the Motion, and is not properly before the Court for certification.

Finally, Defendant asserts several arguments going to the merits of the case with regard to the proper interpretation of TABOR, the proper interpretation of the Guarantee Clause, the proper interpretation of the Colorado Constitution, the meaning of a Republican Form of Government and, by implication, sundry other issues.  *See* Motion 11.  These are not proper arguments to support a Section 1292(b) certification and an interlocutory appeal, but, rather, are matters to be resolved through the litigation of the case on the merits.

## CONCLUSION

For the foregoing reasons, the Motion does not meet the requirements of 28 U.S.C. § 1292(b) for this Court to modify the Order and to certify the requested questions for interlocutory appeal to the Court of Appeals.  Accordingly, the Motion should be denied.

Respectfully submitted this 24th day of August, 2012.

/s/ Lino S. Lipinsky de Orlov
Lino S. Lipinsky de Orlov
Herbert Lawrence Fenster
David E. Skaggs

MCKENNA LONG & ALDRIDGE LLP
1400 Wewatta Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 634-4000
Facsimile: (303) 634-4400
E-mail:  hfenster@mckennalong.com
              llipinsky@mckennalong.com
              dskaggs@mckennalong.com


/s/ John A. Herrick
Michael F. Feeley
John A. Herrick
Geoffrey M. Williamson

Brownstein Hyatt Farber Schreck LLP
410 17th Street, Suite 2200
Denver, CO  80202-4437
Telephone:  (303) 223-1100
Facsimile:  (303) 223-1111
E-mail:  mfeeley@bhfs.com
              jherrick@bhfs.com
              gwilliamson@bhfs.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of August, 2012, a true and correct copy of the

foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION**

**FOR CERTIFICATION OF THE COURT'S JULY 30, 2012 ORDER FOR**

**INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)** was electronically filed with the

clerk of the court using the CM/ECF system, which will send notification of such filing to the

following:

Daniel Domenico, Esq.
Colorado Solicitor General
dan.domenico@state.co.us

Bernie Buescher, Esq.
Colorado Deputy Attorney General
bernie.buescher@state.co.us

Maurice Knaizer, Esq.
Colorado Assistant Deputy Attorney
General
maurie.knaizer@state.co.us

Megan Paris Rundlet, Esq.
Colorado Assistant Attorney General
megan.rundlet@state.co.us

Kathleen Spalding, Esq.
Senior Assistant Attorney General
kit.spalding@state.co.us

David B. Kopel, Esq.
Independence Institute Amicus Curiae
david@i2i.org

Melissa Hart, Esq.
University of Colorado Law School
melissa.hart@colorado.edu

*/s/ Paulette M. Chesson*
Paulette M. Chesson, Paralegal
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Twenty-Second Floor
Denver, CO 80202