**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 11-cv-01350-WJM-BNB

ANDY KERR, Colorado State Representative,
NORMA V. ANDERSON,
JANE M. BARNES,
ELAINE GANTZ BERMAN, Member State Board of Education,
ALEXANDER E. BRACKEN,
WILLIAM K. BREGAR, Member Pueblo District 70 Board of Education,
BOB BRIGGS, Westminster City Councilman,
BRUCE W. BRODERIUS,
TRUDY B. BROWN,
JOHN C. BUECHNER, Ph.D.,
STEPHEN A. BURKHOLDER,
RICHARD L. BYYNY, M.D.,
LOIS COURT, Colorado State Representative,
THERESA L. CRATER,
ROBIN CROSSAN, Member Steamboat Springs RE-2 Board of Education,
RICHARD E. FERDINANDSEN,
STEPHANIE GARCIA, Member Pueblo City Board of Education,
KRISTI HARGROVE,
DICKEY LEE HULLINGHORST, Colorado State Representative,
NANCY JACKSON, Arapahoe County Commissioner,
WILLIAM G. KAUFMAN,
CLAIRE LEVY, Colorado State Representative,
MARGARET (MOLLY) MARKERT, Aurora City Councilwoman,
MEGAN J. MASTEN,
MICHAEL MERRIFIELD,
MARCELLA (MARCY) L. MORRISON,
JOHN P. MORSE, Colorado State Senator,
PAT NOONAN,
BEN PEARLMAN,
WALLACE PULLIAM,
FRANK WEDDIG,
PAUL WEISSMANN, and
JOSEPH W. WHITE,

      Plaintiffs,

v.

JOHN HICKENLOOPER, Governor of Colorado, in his official capacity,

      Defendant.

## ORDER CERTIFYING INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

On July 30, 2012, this Court issued an Order granting in part and denying in part Defendant's Motion to Dismiss, holding, *inter alia*, that the Legislator-Plaintiffs in this action have standing to pursue their claims, that the political question doctrine does not bar Plaintiffs' claims, and that only Plaintiffs' Equal Protection Claim is subject to dismissal.  (ECF No. 78.)

This matter is before the Court on Defendant's Motion for Certification of the Court's July 30, 2012 Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) ("Motion for Certification").  (ECF No. 85.)  Plaintiffs have filed a Response to the Motion for Certification (ECF No. 89), and Defendant has filed a Reply (ECF No. 90).  The Motion for Certification is ripe for adjudication.  Having carefully considered the arguments presented, the Court GRANTS the Motion for Certification.

## I.  ANALYSIS

As both parties implicitly concede, the Court's July 30, 2012 Order is not a "final decision" appealable under 28 U.S.C. § 1291.  However, under certain circumstances, a district court may certify for appeal an otherwise unappealable interlocutory order.  28 U.S.C. § 1292(b) provides,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is

made to it within ten days after the entry of the order:  Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Thus, there are three primary questions a district court must resolve in determining whether to certify an interlocutory order for appeal:  (1) whether the order involves a controlling question of law; (2) whether there is a substantial ground for difference of opinion regarding the question; and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation.  An interlocutory order can be certified for appeal if it involves at least one such controlling question of law, but the scope of review on appeal will be all issues raised in the order.  *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996).

It is within a district court's discretion to certify an order for appeal under section 1292(b).  *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

**A.     Controlling Question of Law**

In determining whether the Court's July 30, 2012 Order involves a "controlling question of law" within the meaning of section 1292(b), the Court must first determine whether the Order involves a "question of law," and if so, whether that question of law is "controlling."

The Court concludes that the July 30, 2012 Order involves at least two "questions of law" under section 1292(b).  First, the issue of whether the political question doctrine can bar a claim brought under the Enabling Act – a statutory claim – is a pure question of law.  And second, the issue of whether the political question doctrine bars Plaintiffs' claims generally is also a "question of law" within the meaning of section 1292(b).  As to

3

this second issue, although consideration of this question would require the Tenth Circuit to apply law to fact, the factual setting is straightforward, with the complaint's allegations accepted as true for purposes of Defendants' operative motion to dismiss, and the language of TABOR subject to judicial notice. However, the law to apply to those facts – in particular whether a Guarantee Clause claim presents a non-justiciable political question – is highly unsettled. Given this record, the second issue is also a "question of law" under section 1292(b). *See In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 624-27 (7th Cir. 2010) (permitting appeal to be taken from interlocutory order where it would require appellate court to apply unsettled area of law to complaint's allegations); 19 James W. Moore, Moore's Federal Practice § 203.31[2] (3d ed. 2012).

Further, these two questions of law, when considered together, are manifestly "controlling." Specifically, if a higher court were to hold on appeal that the political question doctrine bars Plaintiffs' claims, including the Enabling Act claim, that would conclusively resolve the litigation in favor of Defendant. *See Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996) ("A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so."); *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action.").

The Court concludes that its July 30, 2012 Order involves "controlling question[s] of law" under section 1292(b).

4

**B.    Substantial Ground for Difference of Opinion**

There is also a "substantial ground for difference of opinion" regarding those controlling questions of law.  As to whether the political question doctrine can bar an Enabling Act claim, the Court held in its July 30, 2012 Order that it had jurisdiction to hear the Enabling Act claim – a statutory claim – even if the political question doctrine barred Plaintiffs' Guarantee Clause claim.  (ECF No. 78, at 63-66.)  However, Defendant had tenably argued that the political question doctrine should apply equally to Plaintiffs' Guarantee Clause claim and their Enabling Act claim because both claims present the virtually identical question of whether TABOR violates Colorado's obligation to maintain a republican form of government.

As to whether the political question doctrine bars Plaintiffs' Guarantee Clause claim, the Court emphasized in its July 30, 2012 Order how unsettled the law is in that area, and how courts have come out on both sides of the issue.  (*Id.* at 45-53.)  So on that issue, also, there is clearly a substantial ground for difference of opinion.

Further, the importance of the issues presented in this action cannot be reasonably disputed.  *See* 16 Charles Alan Wright, et al., Federal Practice & Procedure § 3930 (2d ed. 2012) ("The level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case.  If proceedings that threaten to endure for several years depend on an initial question of jurisdiction . . . or the like, certification may be justified at a relatively low threshold of doubt.")  As far as the Court is aware, TABOR is the only state law of its kind anywhere in the country.  Accepting the operative Complaint's allegations as true, TABOR fundamentally restructured Colorado's government and the

way in which it functions, and in the process allegedly violated the U.S. and Colorado Constitutions, and a federal statute.  The ultimate resolution of this litigation will quite literally affect every individual and corporate entity in the State of Colorado.  Faced with a case of this magnitude and importance, as well as the unsettled law governing the jurisdictional questions presented, in the Court's view the interests of justice militate in favor of certifying the June 30, 2012 Order for interlocutory review at this time.

**C.     Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation**

"The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law."  *Id.*  As explained above, if a higher court were to hold on appeal that the political question doctrine bars Plaintiffs' claims, including the Enabling Act claim, that decision would materially advance the ultimate termination of the litigation in favor of Defendant.  Thus, this final prerequisite for a district court to allow an appeal of an interlocutory order is also met here.

**D.     Timing of Certification**

Section 1292(b) provides that, if a district judge is of the opinion that an interlocutory order is properly appealable, "he shall so state in writing in such order."  However, the Tenth Circuit has made clear that a district judge may instead issue a supplemental order certifying a previously issued order for appeal.  *See Hous. Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962) ("[T]he trial court had the power to supplement the original order to include the § 1292(b) statement."); *see also Shire LLC v. Sandoz Inc.*, No. 07-cv-00197, 2008 WL 5120728, at *1 (D. Colo. Dec. 5, 2008) ("Where

no section 1292(b) certification is included in the original order, the district court may

supplement that order to include an appropriate certification.") (citing *Teter*, 313 F.2d at

92).

The Court hereby supplements and amends its July 30, 2012 Order with this

Order, including a finding that the July 30, 2012 Order involves controlling questions of

law as to which there are substantial grounds for differences of opinion, and an

immediate appeal from the Order may materially advance the ultimate termination of the

litigation.  With this supplemental Order, the July 30, 2012 Order is now appealable.  *See*

*Teter*, 313 F.2d at 92 ("When [the trial court supplemented the original order to include

the § 1292(b) statement], the order became appealable and the appeal time ran from the

entry of the supplemental order.").

**E.      Stay**

Section 1292(b) provides that an interlocutory appeal does not stay proceedings

in the district court "unless the district judge or the Court of Appeals or a judge thereof

shall so order."  The district court has discretion to determine whether to stay

proceedings pending disposition of an interlocutory appeal.  *See United States ex rel.*

*Drake v. NSI, Inc.*, 736 F. Supp. 2d 489, 503 (D. Conn. 2010) ("When issuing a certificate

of appealability, the court also has the discretion to stay the proceedings . . . ."); *Mills v.*

*Everest Reinsurance Co.*, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009) (same).

Although Defendant has not explicitly requested a stay, he argues that an

interlocutory appeal is warranted in part because it may obviate the need for the lengthy

and costly phases of discovery and trial.  (ECF No. 85, at 12-13.)  For the reasons

discussed at length *supra*, the Court finds it appropriate to stay proceedings in this Court

7

pending resolution of any appeal from the July 30, 2012 Order.

## II. CONCLUSION

In accordance with the foregoing, the Court hereby ORDERS as follows:

(1)   Defendant's Motion for Certification of the Court's July 30, 2012 Order for

Interlocutory Appeal Under 28 U.S.C. § 1292(b) (ECF No. 85) is GRANTED;

(2)   This Order of the Court SUPPLEMENTS and AMENDS the Court's July 30, 2012

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF

No. 78);

(3)   The Court FINDS that its July 30, 2012 Order involves controlling questions of law

as to which there are substantial grounds for differences of opinion, and an

immediate appeal from the Order may materially advance the ultimate termination

of the litigation;

(4)   The Court's July 30, 2012 Order, as supplemented by this Order, is CERTIFIED

for interlocutory appeal under 28 U.S.C. § 1292(b); and

(5)   In the event a party to this action files a timely appeal of the July 30, 2012 Order,

as supplemented by this Order, the Court STAYS all proceedings in this action

until such time as the appeal is fully and finally resolved and the action is

remanded to this Court.

Dated this 21st day of September, 2012.

BY THE COURT:

William J. Martínez
United States District Judge